UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCELINA ESPINOZA, Individually | * | |
| and on behalf of Estate of | * | |
| ADRIAN ESPINOZA | * | |
| And JOSE E. ESPINOZA | * | |
| | * | |
| VS | * | CIVIL ACTION NO. B96-71 |
| | * | |
| JOSE LUIS SANCHEZ, Individually | * | |
| and in his Official Capacity | * | |

## ORDER

Before this Court is Defendant's, JOSE LUIS SANCHEZ, amended Motion for Summary Judgment and Plaintiff's opposition to same. This Court has read the parties' pleadings, considered the issues raised in light of the applicable law, and is of the opinion that it should be denied.

This is a civil rights case brought under 42 U.S.C. § 1983. The case arises out of an incident in which Defendant JOSE LUIS SANCHEZ ("SANCHEZ"), a Brownsville Police Officer, killed ADRIAN ESPINOZA ("ADRIAN) by shooting him seven times in the back. After killing ADRIAN, SANCHEZ allegedly threatened to kill JOSE ESPINOZA ("JOSE"), ADRIAN's brother, and wrongfully had JOSE charged with aggravated assault on a police officer. In this action, Plaintiffs alleged that ADRIAN AND

JOSE's civil rights were violated by the actions of SANCHEZ, and that these violations were caused by the policies and practices and customs of the City of Brownsville.

SANCHEZ has raised the affirmative defense of qualified immunity. However, the summary judgment evidence establishes that he is not entitled to summary judgment on his qualified immunity claim. Qualified immunity only protects government officials whose actions "could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987).

To determine whether a defendant is entitled to qualified immunity, the courts apply a two-step analysis. First, to determine whether Plaintiffs have alleged a violation of clearly established Constitutional right. In this case, the right to be free from excessive force was well established at the time of the shooting. Stevens v. Corbell, 832 F.2d 884, 890 (5th Cir. 1987). Second, the Court determines whether the Defendant could have reasonably thought that his actions were consistent with the Plaintiffs' rights. Anderson, 483 U.S. at 638. In this case, the Supreme Court had decided nearly a decade before the shooting that it was unconstitutional to shoot an unarmed, fleeing suspect who did not present a risk of serious harm. See Tennessee v. Garland, 471 U.S. at 18. For that reason, the Fifth Circuit has held that the defense of qualified immunity is unavailable to a police officer who, it is alleged,

has used excessive force. <u>Stevens</u>, 832 F.2d at 890. That result especially holds true in a case such as the one at bar, where: (1) ADRIAN is dead, (2) there is evidence that ADRIAN had dropped his weapon and was running away from SANCHEZ, and (3) there is evidence that SANCHEZ never identified himself as a police officer or warned ADRIAN before opening fire.

Moreover, Plaintiffs have alleged a claim of failure to train. Lack of training and supervision can demonstrate policy. <u>Lucas v. New York City</u>, 842 F.Supp. 101, 103 (S.D.N.Y. 1994) ("Municipalities are liable under § 1983 where their failure to train their police amounts to deliberate indifference to the rights of persons with whom the police come in contact.") Such lack of training and supervision can be the lack of training and supervision in self-restraint. See <u>Javid v. Scott</u>, 913 F.Supp. 223, 231 (S.D.N.Y 1996). "The failure to train can amount to deliberate indifference when the need for more or different training is obvious, such as when there exists a history of abuse by subordinates that has put the supervisor on notice of the need for corrective measures, and the failure to train is likely to result in the violation of constitutional rights." <u>Belcher v. City of Foley Alabama</u>, 30 F.3d 1390, 1398-99 (11th Cir. 1994). Here, the allegations of SANCHEZ'

previous problems with violence at home and the lack of counseling evidence in his personnel file are sufficient to raise a fact issue on the failure to train claim.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment be and is hereby **DENIED**.

DONE at Brownsville, Texas, this 14th day of August, 1998.

_____
Fidencio G. Garza, Jr.
United States Magistrate Judge